ORRIN E. MILES *et al.*

*v.*

JEREMIAH GOODWIN *et al.*

| 35 | 53 |
| 152 | 53 |
| 35 | 53 |
| 83a | 439 |

1. APPEARANCE — *What constitutes.* After a default was entered in an attachment suit, the defendant moved to set it aside, which was done; he then entered his motion to dismiss the suit by reason of alleged defects in the writ and service thereof which was overruled. *Held,* that by making these motions the defendant fully appeared to the action.

2. SAME — *Cures defective writ and service, and obviates the necessity of any writ.* Where a defendant enters his appearance in a cause, he thereby waives all irregularities in the writ or its service, as his being in court renders a writ and service unnecessary.

3. COURT OF COMMON PLEAS OF AURORA — *Assessment of damages by the court.* The Court of Common Pleas of the city of Aurora has authority to assess the damages upon default, without the intervention of a jury.

WRIT OF ERROR to the Court of Common Pleas of the city of Aurora ; Hon. BENJAMIN F. PARKS, Judge, presiding.

The defendants in error, on the 17th day of June, 1861, sued out from the Court of Common Pleas of the city of Aurora, a writ of attachment against the plaintiffs.

The attachment writ was levied upon property situate in the city of Aurora, and a judgment entered by the court without the intervention of a jury, against the defendants in the attachment, who afterwards made a motion to open the default, which was granted, and subsequently moved to dismiss the suit, on the ground of alleged defects in the writ and its service, which motion was denied, whereupon the defendants in the attachment sued out this writ of error.

The questions arising upon the record are, *First :* Whether the irregularities in the writ and service, if any existed, were not waived by the appearance of the defendant in making these motions. *Second :* Whether the court below had authority to assess the damages without the intervention of a jury.

Mr. CHARLES J. METZNER, for the plaintiff in error.

Mr. SYLVANUS WILCOX, for the defendant in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court :

It is insisted that there are such defects in the writ and its service on Bradford S. Miles, as renders the judgment erroneous. We deem it unnecessary to examine these various objections, as they were cured, if they ever existed, by his appearance to the action. After a default was entered, he appeared and moved

the court to set aside the default, which motion was allowed. He then entered a motion to dismiss the suit, which was over-ruled. By making these motions he fully appeared to the action, and if so, it could make no difference whether there was a defective writ or defective service, as his being in court rendered a writ and service unnecessary. If a defendant enter his appearance to a declaration, all attorneys know, that a judgment is binding although a writ was never issued or service had. The object, and only object, of the writ is to bring the party into court, and if he voluntarily enters his appearance, the court has complete jurisdiction of his person.

It is likewise insisted that the court erred in assessing the damages on the default, without the intervention of a jury. The act creating the Court of Common Pleas of the city of Aurora, establishes the same rules of practice for that court as are provided for the Kane Circuit Court. (Spec. Laws 1857, p. 392, sec. 1.) By reference to the act regulating the practice in the Kane Circuit Court (Scates' Comp. 639), it will be seen that the court is authorized to assess damages on judgments by default, without a jury. This statute is decisive of this question. By its provisions, the power is expressly conferred. No error is discovered in the record, and the judgment of the court below is affirmed.

*Judgment affirmed.*