(No. 33446.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* WILLIAM M. ESTEP *et al.*, Appellants.

*Opinion filed May 20, 1955.*

WILLIAM L. CARLIN, and LOUIS A. ROSENTHAL, both of Chicago, for appellants.

JOHN GUTKNECHT, State's Attorney, of Chicago, (GORDON NASH, CHARLES D. SNEWIND, and WILLIAM SYLVESTER WHITE, of counsel,) for the People.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

The defendants appeal from judgments of the criminal court of Cook County entered on writs of *scire facias* after forfeiture of their *supersedeas* bonds. The defendants here are the same persons who were the defendants in the case of *People* v. *Estep,* 413 Ill. 437, and this case arises out of the same facts.

The writs of *scire facias* were served upon the sureties on the bonds but were not served upon either of the defendants and no returns were made on the writs showing service could not be had on them. The defendants contend

that section 17 of division III of the Criminal Code (Ill. Rev. Stat. 1953, chap. 38, par. 625,) is unconstitutional as providing for personal judgment without service of process in violation of due process of law.

Although defendants were not served with process and never personally appeared in the *scire facias* proceedings, the record discloses that their counsel appeared for them, moving six times for a continuance and once agreeing to a continuance, all before the judgments were entered.

"The object of process is to secure the appearance of the party, and process is unnecessary if the party appears voluntarily. Any action on the part of the defendant, except to object to the jurisdiction, which recognizes the case as in court, will amount to a general appearance. (3 Cyc. 504.) A stipulation for a continuance constitutes a general appearance." (*Tagert* v. *Fletcher,* 232 Ill. 197, 198; *Kelly* v. *Brown,* 310 Ill. 319; *Miles* v. *Goodwin,* 35 Ill. 53.) The defendants here voluntarily appeared for purposes other than to object to the jurisdiction and thereby waived any requirement of process.

It is well established in this State that one cannot challenge the constitutionality of a statute unless his rights are injuriously affected by the alleged unconstitutional provisions. (Illinois Law and Practice, Constitutional Law, vol. 11, page 240; *Liberty Nat. Bank* v. *Collins,* 388 Ill. 549; *City of Elmhurst* v. *Buettgen,* 394 Ill. 248; *People* v. *Day,* 313 Ill. 531; *Du Bois* v. *Gibbons,* 2 Ill. 2d 392.) Since we have found that defendants voluntarily appeared in these *scire facias* proceedings they could not be injuriously affected by the statutory provision regarding process, and cannot complain of its constitutionality.

The judgment of the criminal court of Cook County is affirmed.