(No. 34370.—<span></span>

CLAIR MAX LORD *vs.* FRANK R. HUBERT, Appellee.—
(ROBERT C. SUMMERS, Conservator, Appellant.)

*Opinion filed September 20, 1957.*

ROBERT P. POPE, JOSEPH M. WILLIAMSON, both of Urbana, for appellant.

DUNN AND DUNN, of Bloomington, for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

This is an action originally filed in the circuit court of McLean County by Clair Max Lord but thereafter prose-

cuted by his newly-appointed conservator, Robert C. Summers, the present appellant, to again partition certain farm lands in McLean County which had been previously conveyed by partition sale to Frank R. Hubert, the present appellee. Lord took the position that although his interest antedated the initial partition suit, he was not a party to that litigation, and any interest which he had in the property at that time could not have been extinguished by those proceedings. After hearing was had before a master in chancery, the circuit court found that Lord was bound by the prior partition action and dismissed the pending complaint. A freehold being involved, direct appeal has been taken to this court.

The premises in question, comprising some 141 acres, was owned by Eleanor Barto at the time of her death in 1936, and by the terms of her will was devised to her executor with instructions to convert the property into cash within two years after decedent's death and divide the proceeds thereof into three equal parts: one part to be given in fee simple to each of her two children, Maymie M. Skaggs and Emery M. Lord, and the third part to be held in trust for the benefit of another son, Guy B. Lord, during his lifetime. It was also provided that any attempt by the said Guy B. Lord to assign his interest therein would cause a forfeiture of the trust fund and that, in the absence of forfeiture, upon his death the remaining trust *corpus* should be divided with one fourth being paid to testatrix's daughter or her descendants, one fourth to Emery Lord or his descendants, and the remaining one-half to the descendants of Guy B. Lord then surviving. In the event the said Maymie Skaggs or Emery Lord predeceased the testatrix leaving no descendants surviving, the share which they would otherwise have taken was to be divided among testatrix's surviving descendants.

Despite the instructions to sell, no action was taken by the executor to dispose of the property within the two-year

period, and in 1939 a complaint to partition was filed in the circuit court of McLean County by the trustee, Corn Belt Bank of Bloomington, Illinois, and Emery M. Lord. Maymie Skaggs and Guy B. Lord were made parties to this suit as were Velma Skaggs, the daughter of Maymie Skaggs; George Lord, the son of Emery Lord; and Edward Lord, the son of Guy B. Lord. Clair Max Lord, a second son of Guy B. Lord and the appellant's present ward, was not made a party to those proceedings nor was his existence mentioned in any pleadings or orders entered in that cause. In fact the master's report and the decree of partition expressly found that Edward Lord was the only child of Guy B. Lord. Following the hearing in that matter the property was sold to the present appellee, who immediately went into possession and has retained that possession up to the present date. The proceeds of sale were distributed in accordance with the will provisions, one-third thereof being delivered to the Corn Belt Bank as trustee for Guy B. Lord.

Clair Max Lord, the son of Guy B. Lord, was born a spastic in 1912 and although unable to walk or attend public school, he could read, write, and converse with a certain amount of difficulty. Following the divorce of his parents in 1923, Clair Max Lord lived with his mother and in 1940 joined with her in filing a complaint in the circuit court of McLean County to cause the net income from the aforementioned trust to be paid to her for his support. The parties were successful in this regard, and the Corn Belt Bank thereafter paid all net income from the trust to the mother for Clair Max Lord's support.

Subsequent to the death of Guy B. Lord in October, 1952, Clair Max Lord again sought the aid of the circuit court of McLean County by filing a petition in the original partition case to terminate the trust and cause the entire *corpus* to be paid to him as the sole surviving beneficiary. However, before any further proceedings were had in that

regard, Clair Max Lord on September 16, 1953, filed the present partition action in which he alleged his outstanding interest in the Barto property. Three months later, on December 29, 1953, the present appellant was appointed as the conservator of Clair Max Lord by order of the county court of Champaign County and has since prosecuted the partition proceedings.

It is agreed by both parties that Clair Max Lord acquired a contingent-remainder interest in the property upon the death of his grandmother, Eleanor Barto, in 1936, and that he has satisfied a condition of its vesting by surviving his father, Guy B. Lord. The sole question presented is whether this real-estate interest was extinguished by the prior partition proceedings.

Section 6 of the Partition Act (Ill. Rev. Stat. 1939, chap. 106, par. 6) required that "Every person having any interest, whether in possession or otherwise, and who is not a plaintiff" be made a defendant in a partition suit. We have many times said that contingent remaindermen are included within this broad statutory language. (*Hayden* v. *McNamee,* 392 Ill. 99; *Winemiller* v. *Mossberger,* 355 Ill. 145; *Schmidt* v. *Schmidt,* 292 Ill. 275; *Baker* v. *Baker,* 284 Ill. 537.) We must therefore inquire whether Clair Max Lord, a contingent remainderman, was at any time made a party to the 1939 proceedings.

There is no question but what Lord was neither served with process nor appeared prior to the date of the original partition sale. However, in 1940 he joined as plaintiff in a separate proceeding to obtain the trust income derived from proceeds of said sale, and in 1953 petitioned the court *in the original partition cause* to terminate such trust and pay the proceeds over to him as the ultimate beneficiary. In both of these actions Lord not only acknowledged the existence of the prior partition proceedings but by seeking the benefits thereof also admitted their validity. Since the trust *corpus* and sale arose from the same litigation, Lord

cannot champion one and challenge the other. As is said in *Supreme Hive Ladies of the Maccabees* v. *Harrington*, 227 Ill. 511, a person cannot, by his voluntary action, invite the court to exercise its jurisdiction and at the same time deny that jurisdiction exists. The sole object of process is to notify the defendant of pending litigation so as to secure his appearance, and though not named as a party in the original action, a person may subsequently appear even after judgment and become bound by the foregoing proceedings as if initially served. (*People* v. *Estep*, 6 Ill.2d 127; *Marsh* v. *Green*, 79 Ill. 385; 3 Am. Jur., Appearances, sec. 37.) Although the court participation may come in many forms, suffice to say that any action taken by the litigant which recognizes the case as in court will amount to a general appearance unless such action was for the sole purpose of objecting to the jurisdiction. (*People* v. *Estep*, 6 Ill.2d 127; *Supreme Hive Ladies of the Maccabees* v. *Harrington*, 227 Ill. 511.) In *Miller* v. *Moseley*, 311 Ill. 157, the court held that a defendant by filing her petition to set aside a partition sale submitted herself to the jurisdiction of the court and waived prior service of process; a similar result was had in *Craven* v. *Craven*, 407 Ill. 252, where defendants reinvested the court with jurisdiction by participating in further proceedings after the case had long since been dismissed; and in *Nolan* v. *Barnes*, 268 Ill. 515, it was decided that a prior decision was binding upon the parties who later introduced its record in evidence regardless of whether or not the initial court had jurisdiction to enter the order.

Appellant makes much of the fact that Lord is a spastic. Of course, a person so disabled should be given every consideration to which he is entitled. Yet, upon the present facts, we do not believe Lord's physical condition to be material. The record indicates that Lord was a plaintiff in the trust income proceedings; that he personally verified the 1953 partition complaint; that he entered his personal

appearance in his own conservatorship proceedings; and that appellant's witness described him as being able to read and write and as having a "bright mind." At least until the time that a conservator was appointed upon his behalf, Clair Max Lord was free to engage in litigation and enter his appearance as he saw fit. By filing his petition in the original partition cause, Lord thereby entered his general appearance and waived all jurisdictional defects which may have theretofore existed.

For the reasons stated, it is our opinion that any interest which Clair Max Lord may have acquired in the Barto property was extinguished by the prior partition proceedings and that the lower court was correct in so holding. The decree of the circuit court of McLean County is therefore affirmed.

*Decree affirmed.*