THOMAS J. DIFANIS, Plaintiff-Appellee, *v.* ANTHONY R. MARTIN-TRIGONA, Defendant-Appellant.

Fourth District   No. 15052

Opinion filed June 26, 1979.

George B. Collins, of Collins & Amos, of Chicago, for appellant.

Frederic M. Grosser and Keith Hays, both of Grosser & Hays, of Champaign, for appellee.

Mr. PRESIDING JUSTICE REARDON delivered the opinion of the court:

On September 29, 1977, the plaintiff, Thomas J. Difanis, filed a two-count complaint against the defendant, Anthony R. Martin-Trigona, for libel. Count I of the complaint alleged that defendant defamed plaintiff by alerting the news media of Champaign County, by telegram, of a news conference to be held by defendant the following day. Statements made about the plaintiff by the defendant in that telegram accused plaintiff of

the commission of a crime. Count I prayed for actual damages of at least $1 and punitive damages of at least $64,496. Count II of the complaint alleged that defendant further defamed plaintiff by statements in explanation of the telegram made at the news conference. Count II sought actual damages of at least $1,000 and punitive damages of at least $128,992. The complaint was served by alias summons on October 3, 1977.

On October 27, 1977, defendant filed a removal petition with respect to this case in Federal District Court. Attached to the removal petition was a jury demand which contained this language: "This jury demand is made and attached to the petition for removal filed prior to the appearance dates in state court, but it also and should construed to be [*sic*] a jury demand for any and all, if there be any, subsequent proceedings in the state court." A copy of the removal petition and jury demand was filed in the circuit court of Champaign County on November 1, 1977, in accordance with 28 U.S.C. §1446(e) (1976). The petition to remove was denied and the cause remanded to the circuit court on March 3, 1978.

In the absence of an answer being filed by defendant, plaintiff moved for a default judgment on March 10, 1978. No notice of the motion for default was given to the defendant. On March 21, 1978, an order of default was entered. The clerk of the circuit court notified the defendant by mail on March 28, 1978, of the entry of default at the address shown in the record. The defendant, *pro se*, responded by causing a letter, dated April 7, 1978, and a document entitled "Motion to Vacate Fixed Case Order by Corrupt, Biased Judge Who Has Previously Been Found to Be Biased Against Defendant" to be personally served on the trial judge at his office in Piatt County. In essence, the motion stated that defendant had not received notice of the default hearing; that the trial judge was not acceptable to him and had been removed from hearing one of defendant's cases in the past; and that because of that past action, the handling of this case by the trial judge would involve the appearance of impropriety. The accompanying letter waived any hearing on this motion and requested a ruling. No copy or notice of the motion was served on plaintiff. The trial judge refused to rule on the motion since it was not properly filed with clerk of the circuit court in Champaign County, but did order the documents to be made part of the record of proceedings as a court exhibit.

On July 7, 1978, counsel for the plaintiff mailed a notice to defendant to appear at the trial concerning damages on July 20, 1978, and to produce documents. The day before trial, defendant retained counsel who sought to appear on July 20 on the condition that a continuance be granted since he had a matter or trial call that afternoon. When the request for a continuance was denied, counsel for the defendant declined to appear.

The trial on damages proceeded before a jury in the absence of defendant or his counsel. The jury returned verdicts against defendant totaling $750,000 in actual and punitive damages. Defendant's timely post-trial motion seeking to vacate the default judgment of March 21, 1978, and the judgment of July 20, 1978, was denied.

On appeal, defendant asserts that he was denied substantial justice by the failure of the trial court to vacate the default judgment and the subsequent damages judgment. We agree.

■■ Section 50(5) of the Civil Practice Act provides:

> "The court may in its discretion, before final order or judgment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable." (Ill. Rev. Stat. 1977, ch. 110, par. 50(5).)

The supreme court has stated: "Under this section, it is no longer necessary that such relief be sought on the precise grounds that there is a meritorious defense and a reasonable excuse for not having timely asserted such defense. The overriding consideration now is whether or not substantial justice is being done between the litigants and whether it is reasonable, under the circumstances, to compel the other party to go to trial on the merits. [Citations.]" (*People ex rel. Reid v. Adkins* (1971), 48 Ill. 2d 402, 406, 270 N.E.2d 841, 843.) In determining whether justice is being done, it is unnecessary for the reviewing court to determine, as a matter of law, whether the trial court exceeded or abused its discretion, but only resolve the question of whether justice has been served. *Patrick v. Burgess-Norton Manufacturing Co.* (1976), 63 Ill. 2d 524, 531, 349 N.E.2d 52, 56; *Hoffman v. Hoffman* (1976), 37 Ill. App. 3d 415, 417, 346 N.E.2d 114, 115.

■■ Supreme Court Rule 104(b) (58 Ill. 2d R. 104(b)) requires that "[p]leadings subsequent to the complaint, written motions, and other papers required to be filed shall be filed with the clerk with a certificate of counsel or other proof that copies have been served on all parties who have appeared * * *." Defendant argues that his jury demand which was filed at the time of his petition to remove the case to Federal court constituted a general appearance entitling him to notice of plaintiff's motion for the entry of a default judgment. Plaintiff argues that defendant's jury demand was part of the removal petition which in and of itself does not constitute a general appearance in State court. We agree that the filing of a removal petition does not constitute an appearance before the State court. (*Block v. Block* (7th Cir. 1952), 196 F.2d 930; *Pattiz v. Semple* (E.D. Ill. 1925), 7 F.2d 618.) Nevertheless, defendant clearly intended by the language of the jury demand that the document serve as such in any subsequent State proceedings. It is well established that any

action taken by the litigant which recognizes the case as in court will amount to a general appearance unless such action was for the sole purpose of objecting to the jurisdiction. (*Lord v. Hubert* (1957), 12 Ill. 2d 83, 87, 145 N.E.2d 77, 80; *Donoghue v. Kohlmeyer & Co.* (1978), 63 Ill. App. 3d 979, 983, 380 N.E.2d 1003, 1006.) Under this broad standard, we conclude that the jury demand filed by the defendant constituted a general appearance entitling defendant to notice of plaintiff's motion for the entry of a default judgment. Had such notice been given, defendant would have been afforded the opportunity at the hearing to prevent the default order of March 21, 1978, from being entered. While the notice requirement of Rule 104(b) has no effect upon either the jurisdiction of the court or the judgment rendered by the terms of Rule 104(d), similar lack of such notice has been held to be a factor in determining whether an *ex parte* judgment should be vacated in a section 72 petition (Ill. Rev. Stat. 1977, ch. 110, par. 72). See *Lutz v. Lutz* (1977), 55 Ill. App. 3d 967, 371 N.E.2d 348.

Accordingly, under the particular circumstances disclosed in this record, we find that the interests of substantial justice require that the default judgment of March 21, 1978, and the subsequent judgment on damages of July 20, 1978, be vacated so that defendant may have a trial on the merits. The cause is remanded to the circuit court with directions to proceed in a manner consistent with this opinion. Because of our disposition, we do not reach other contentions raised by the defendant.

Judgments vacated and cause remanded with directions.

CRAVEN and TRAPP, JJ., concur.