**Roger HESS, Plaintiff,**

v.

**The GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., Defendant.**

**No. 79 C 5402.**

United States District Court, N. D. Illinois, E. D.

Feb. 20, 1981.

---

Gerald M. Hunter, Oglesby, Ill., for plaintiff.

Ronald J. Hein, Jr., Edward W. Bergmann, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for Great Atlantic & Pacific Tea Co., Inc.

Karmel & Rosenfeld, Chicago, Ill., for Retail Clerks Union, AFL–CIO, Local 254.

## MEMORANDUM OPINION

GRADY, District Judge.

This case comes before us on plaintiff's motion to remand to state court following defendant's removal. We hold that the removal was improper for failure of all defendants to join in the petition; therefore, the case is remanded to state court.

Briefly, the facts are as follows. Plaintiff Hess filed an action in the Circuit Court of LaSalle County, Illinois, Thirteenth Judicial Circuit, on November 26, 1979, against his employer, the Great Atlantic & Pacific Tea Co. ("A&P"), and his union, the Retail Clerks Union AFL–CIO, Local 254 ("Union"), for breach of the collective bargaining agreement. On December 11, 1979, the Union filed a special and limited appearance in state court, pursuant to Ill.Rev.Stat. ch. 110, § 20, to quash service of summons. A hearing was held on the Union's motion on December 21, 1979, at which time the Union argued, both orally and in memorandum, that under Illinois law a union is an unincorporated association, not a legal entity, and is not amenable to either service of process or suit. The trial judge indicated at this hearing that unless plaintiff produced some contrary authority, the service on the Union would be quashed.

That same day A&P filed a petition to remove to federal court based on federal question jurisdiction. The Union did not join in the removal petition; A&P stated in its petition that the reason for this was that the Union was contesting service of process in state court.

On December 28, 1979, the state court granted the Union's motion and quashed service; the plaintiff had failed to present any supplemental evidence or law. On January 7, 1980, the state court received notice of the removal to federal court.

In October 1980, plaintiff filed this motion to remand for lack of diversity of citizenship. Plaintiff argues that the Union, which is an Illinois resident, had been a party defendant at the time the removal petition was filed and should have joined in the petition, and that the presence of the Union in the suit destroys diversity. We agree with defendant that the basis of our jurisdiction is the Labor Management Act, 29 U.S.C. § 185, and there is no need for diversity of citizenship when the basis of jurisdiction is a federal question. *Crawford v. East Asiatic Co.*, 156 F.Supp. 571 (N.D. Cal.1957). However, we agree with plaintiff that the Union was a party defendant at the time the removal petition was filed and its failure to join in the petition is fatal to removal.

Section 1441(a) of 28 U.S.C. states that an action may be removed "by the defendant or the defendants." This has generally been read to mean that where there are multiple defendants, all defendants must join in the removal petition. 1A Moore's Federal Practice, ¶ 0.160 at p. 193, notes and cases cited therein (2nd ed. 1979). There appears to be a practical reason for the rule in diversity cases. It facilitates an early determination of whether there is in fact complete diversity of all defendants and, by requiring an affirmation of federal jurisdiction by all defendants, probably reduces the number of improvident removals.

■ The rationale for requiring joinder of all defendants in a removal petition in federal question cases has rarely been discussed by the courts or the commentators.

*Chicago Rock Island & Pacific Ry. Co. v. Martin*, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055 (1900); *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants, Local 349*, 427 F.2d 325 (5th Cir. 1970); *McKinney v. Rodney C. Hunt Co.*, 464 F.Supp. 59 (W.D.N.C.1978); Moore's Federal Practice, *supra*, at ¶¶ 0.160, 0.168[3.—2]. However, at least three arguments can be made for applying the rule to federal question cases. First, it eliminates the risk of inconsistent adjudications in state and federal court. The same thing could, of course, be accomplished by simply allowing the entire case to be removed upon the petition of any one defendant. However, this suggests the second argument for the requirement that all defendants join—the concern that one defendant not be permitted to impose his choice of forum upon other unwilling defendants and an unwilling plaintiff. *Chicago, Rock Island & Pacific Ry. Co.*, 178 U.S. at 248, 20 S.Ct. at 855; *Van Slambrouck v. Employers Mutual Liability Ins. Co. of Wisconsin*, 354 F.Supp. 366, 368 (E.D. Mich.1973). Third, and perhaps most important, is the legislative and judicial policy that state courts are considered as competent as federal courts to hear federal questions that Congress has not committed to exclusively federal jurisdiction. *Dowd Box Co. v. Courtney*, 368 U.S. 502, 507–08, 82 S.Ct. 519, 522–23, 7 L.Ed.2d 483 (1962); *Testa v. Katt*, 330 U.S. 386, 390–91, 67 S.Ct. 810, 813, 91 L.Ed. 967 (1947). *See also* Hamilton, The Federalist, No. 82. The plaintiff's choice of a state forum is to be given deference and jurisdictional questions on removal are strictly construed against federal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957). *See also* Wright, Law of Federal Courts 154, 154 n. 52 (3d ed. 1976). The Labor Management Act does not provide for exclusive federal jurisdiction.

■ There have been exceptions to the rule requiring all defendants to join in a removal petition. Nominal or formal par-

ties, unknown defendants, and defendants fraudulently joined may be disregarded. *See P.P. Farmers' Elevator Co. v. Farmers' Mutual Ins. Co.*, 395 F.2d 546 (7th Cir. 1968). *See also* 1A Moore's Federal Practice, *supra*, at ¶ 0.168[3.—2] at pp. 466–69. None of these exceptions applies here. An exception to the rule may also be inferred from 28 U.S.C. § 1448 [1] which allows service of process after removal to federal court when service in state court prior to removal has been imperfect, improper or ineffective. Since a defendant not served with process would ordinarily not join in a removal petition, § 1448 obviously contemplates non-joinder situations where removal is still proper. *See S.E. Overton Co. v. International Brotherhood of T.C.W. & H.*, 115 F.Supp. 764 (W.D.Mich.1953) (defendants not served with state court process, with complaint, or with notice of injunction issued by state court need not join in removal petition); *Hutchins v. Priddy*, 103 F.Supp. 601 (W.D.Mo.1952) (defendants neither served nor named in complaint need not be joined in removal petition). However, we find this particular use of § 1448 to be inapplicable to the case at bar.

■ In the instant case, the Union did not allege that it had not been served with process. Rather, it argued that it was not an entity subject to suit or process, and entered a limited appearance for the purpose of contesting personal jurisdiction. The state court had not ruled on the Union's motion to quash service of process at the time A&P removed the case. Section

1448 did not authorize the A&P to make its own determination as to the validity of service on the Union; that determination can only be made by the courts.[2] Unless there has been a state court determination prior to removal that service on a defendant was defective, all defendants upon whom purported service has been made at the time of the removal must join in the petition.[3] *Compare Howard v. George*, 395 F.Supp. 1079, 1081 (S.D.Ohio 1975); *Gratz v. Murchison*, 130 F.Supp. 709, 713 (D.Del. 1955) (requirement that removing defendant allege and show in removal petition that non-joined defendant was *not served* with state service of process at time of removal).

■ The propriety of a rule prohibiting defendants from acting on their own, extrajudicial conclusions regarding the legality of service in cases such as this is underscored by the fact that in this case the defendant A&P came to the wrong conclusion. Under the Labor Management Act, 29 U.S.C. § 185, the state court had personal jurisdiction over the Union and therefore service of process on the Union was proper. All cases which allege a violation of a collective bargaining agreement are governed by the Labor Management Act, notwithstanding a plaintiff's failure to specifically cite the federal statute in his complaint. *Glaziers, Glass Workers (Local Union No. 1928) of Jacksonville, Fla. v. Florida Glass and Mirror of Jacksonville, Inc.*, 409 F.Supp. 225, 227 (M.D.Fla.1976). State courts are required to follow the substantive federal

---

1. 28 U.S.C. § 1448 provides:

    In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

    This section shall not deprive any defendant upon whom process is served after removal of his right to remand the case.

2. It is irrelevant to this aspect of the discussion that the state court ultimately determined, after removal, that it had no jurisdiction over the

Union. At the time of removal, no such determination had been made.

3. We note that the Union could have joined in the removal petition without waiving its challenge to personal jurisdiction. Illinois law permits a limited appearance for the purposes of contesting jurisdiction or process. While any other conduct by the limited defendant constitutes a general appearance, the Illinois Appellate Court has relaxed this rule to allow joinder in a removal petition; such joinder is not a general appearance. *Difanis v. Martin-Trigona*, 73 Ill.App.3d 352, 29 Ill.Dec. 384, 391 N.E.2d 1067, 1069 (4th Dist. 1979). *See also Block v. Block*, 196 F.2d 930 (7th Cir. 1952).

law when, addressing federal issues; when the federal law conflicts with a state law, federal law prevails. Under the Labor Management Act, a union is a legal entity amenable to service of process and suit. 29 U.S.C. § 185. We therefore conclude that service on the Union was not improper or imperfect within the meaning of 28 U.S.C. § 1448.[4]

The plaintiff's motion is granted and this case is remanded to the Circuit Court of LaSalle County, Illinois, Thirteenth Judicial District.

ORDER OF REMAND

This cause having come on for hearing on the motion of plaintiff to remand to the Circuit Court of LaSalle County, Illinois, and the court being fully advised, and it appearing to the court that this case was improperly removed in that all defendants failed to join in the petition,

IT IS ORDERED that the plaintiff's motion be and the same hereby is granted, and this cause be remanded to the Circuit Court of LaSalle County, Illinois, Thirteenth Judicial District; and that a certified copy of this order be mailed by the Clerk of this court to the Clerk of the Circuit Court of LaSalle County, Illinois.

---

4. Had A&P given the state court proper notice of the removal petition, it is unlikely that the court would have ruled on the motion to quash. 28 U.S.C. § 1446(e) provides that promptly upon the filing of a petition for the removal of a civil action, the defendant must give written notice to all adverse parties and shall file a copy of the petition in the state court. This effects the removal and stays all state court proceedings unless and until the case is remanded. Here, the defendant A&P did not give prompt notice to the state court, which ruled on the service of process question without knowing the petition had been filed.