BATTISTA PECORARO, Plaintiff-Appellee, v. LOUIS KESNER, Defendant-Appellant.

First District (3rd Division)   No. 1—90—1597

Opinion filed July 17, 1991.

Rudnick & Wolfe, of Chicago (Paul Homer, of counsel), for appellant.

Herbert C. Goldman, P.C., of Chicago, for appellee.

JUSTICE GREIMAN delivered the opinion of the court:

This case arises from a forcible entry and detainer action filed by plaintiff, Battista Pecoraro, in the circuit court of Cook County. Defendant, Louis Kesner, appeals from the trial court's denial of his motion to quash service. The trial court struck defendant's jury demand and found for the plaintiff in a bench trial.

Defendant contends that (1) his acts should not be deemed a general appearance although he personally appeared before the trial court and requested a continuance to obtain a lawyer and thereafter filed a jury demand, and again appeared before the court acknowledging that he had engaged an attorney; and (2) section 9—107 of the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1989, ch. 110, par. 9—107), providing for service by posting and mail, violates the fourteenth amendment to the United States Constitution (U.S. Const., amend. XIV) and article I, section 2, of the Illinois Constitution (Ill. Const. 1970, art. I, §2).

For the reasons set forth below, we find that defendant's actions constituted a general appearance and approve the trial court's decision to deny defendant's motion to quash service. However, we further find that the trial court erroneously struck defendant's jury demand and therefore reverse and remand for a new trial. We decline to address the issue of the constitutionality of the "posting statute" since the trial court acquired jurisdiction over defendant on the basis of defendant's voluntary acts and not on the basis of section 9—107.

On March 15, 1990, plaintiff filed a complaint seeking past-due rent from defendant and possession of the apartment where defendant lived. A summons was also issued on the same day.

The record indicates that the sheriff never attempted personal service of the summons upon defendant. The sheriff's return of service stated that the summons was received by the sheriff's office on March 16, 1990, but the designated deputy sheriff did not receive the writ until March 23, 1990, which was past the "die date" of March 22, 1990. The "die date" signifies the date after which service of summons cannot be attempted.

On March 29, 1990, plaintiff's attorney mistakenly executed an affidavit stating that defendant could not be served because he could not be found and was concealed within the State. This affidavit, which plaintiff now concedes was incorrect, was the basis for subsequent notice by posting and mailing under section 9—107.

As provided by statute, the sheriff's office then posted a "Notice Requiring Appearance In Pending Action" in three separate locations and also mailed one to defendant's residence. The notice stated that plaintiff had commenced an action for recovery of possession of the apartment occupied by defendant and that defendant was required to appear in court on April 12, 1990.

On April 12, 1990, defendant and plaintiff's attorney appeared in court. The court granted defendant's request for a continuance to allow him an opportunity to obtain an attorney. The entire proceedings of that day were as follows:

"THE CLERK: Pecararo versus Kesner.

MR. KESNER: Here.

THE COURT: You are Louis Kesner?

MR. KESNER: Yes, I am asking for a continuance.

THE COURT: Motion Defendant continue—what's the purpose?

MR. KESNER: To get an attorney.

[PLAINTIFF'S ATTORNEY]: April 23rd at 2:00 p.m.

THE COURT: April 23, '90, 2:00 p.m.

MR. KESNER: Thank you.

THE COURT: April 23rd.

[PLAINTIFF'S ATTORNEY]: Would you show Defendant present in court because the summons was by posting.

THE COURT: Defendant present in court."

On April 19, 1990, defendant filed and was granted an application to sue or defend as a poor person. This matter was before a different judge in an *ex parte* proceeding.

On April 23, 1990, defendant filed a jury demand. Later that same day, defendant, without counsel, again appeared in court. Defendant stated that he had counsel but his counsel was not able to attend this proceeding. Defendant then asked for a continuance, told the court that he had filed a jury demand, and mentioned the issue of defective service due to the sheriff's failure to attempt service of summons and the erroneous affidavit filed by plaintiff's attorney. The trial court found that defendant had filed a general appearance by previously appearing before the court. Accordingly, the trial court ruled that defendant had submitted to the jurisdiction of the court and waived any defect in service. The trial court also granted defendant's motion for a continuance and scheduled trial for May 3, 1990.

On May 3, 1990, the trial court entered another order continuing the case to May 31, 1990. The record indicates that on May 3 the parties and their attorneys attempted, unsuccessfully, to effect a settlement of the matter.

On May 10, 1990, the parties and their attorneys appeared in court. Defendant's counsel moved to enter a special and limited appearance and to quash service of summons on the grounds that service was defective. In addition, defendant asserted that the posting and mailing provisions of section 9—107 violate the requirement of constitutional due process.

The trial court denied defendant's motion to quash service, finding that at this stage in the case, defendant had unquestionably submitted himself to the court's jurisdiction. However, the trial court also noted

that if defendant had brought the sheriff's return of summons to the court's attention during his first court appearance, the court would have quashed service.

The trial then proceeded on May 10, but defendant did not participate and stood upon his special and limited appearance. The court entered judgment in favor of plaintiff for possession and $670 delinquent rent plus costs.

On appeal defendant maintains that he did not submit to the trial court's jurisdiction because his actions did not constitute a general appearance. Specifically, referring to the April 12, 1990, proceeding, defendant argues that a request by a *pro se* defendant for a continuance to obtain counsel, without more, does not constitute a general appearance.

■ We agree with defendant's contention that his actions on April 12 alone were insufficient to constitute a general appearance. However, we find that defendant's actions, taken in their totality, show that he invoked the court's jurisdiction through his subsequent conduct and will be deemed to have entered a general appearance.

■ The Code of Civil Procedure requires the filing of a special appearance before the filing of any pleading or motion; any appearance which does not conform to this filing sequence is automatically characterized as a general appearance. (Ill. Rev. Stat. 1989, ch. 110, par. 2—301.) Section 2—301 provides, in relevant part, as follows:

> "Prior to filing any other pleading or motion, a special appearance may be made either in person or by attorney for the purpose of objecting to the jurisdiction of the court over the person of the defendant. *** Every appearance, prior to judgment, not in compliance with the foregoing is a general appearance."

Defendant makes a thoughtful argument concerning the responsibility of a trial judge to a *pro se* party in our system and presents a thorough and accurate picture of the risks to which such a party is exposed in a high volume "forcible" court where only a small percent of the defendants are represented by counsel.[1] Generally any action on

---

[1] Defendant's brief urges that a *pro se*, indigent defendant in eviction proceedings is susceptible to the loss of his most fundamental property right, his place of abode, in summary proceedings before a belabored court and cites various commentaries and surveys, including Fusco, Collins & Birnbaum, "Chicago's Eviction Court: A Tenants' Court of No Resort," 17 Urb. L. Ann. 93, 114-15 (1979); "Judgment Landlord: A Study of Eviction Court in Chicago" (1978) by the same authors; and "Gideon's Shelter: The Need to Recognize Right to Counsel for Indigent Defendants in Eviction Proceedings," 23 Harv. C.R.-C.L. L. Rev. 557 (1988).

the part of the defendant, except to object to the jurisdiction, will amount to a general appearance. (*Lord v. Hubert* (1957), 12 Ill. 2d 83, 87, 145 N.E.2d 77, 80; *People v. Estep* (1955), 6 Ill. 2d 127, 128, 126 N.E.2d 637, 638.) The reason advanced for this rule is that "a person cannot, by his voluntary action, invite the court to exercise its jurisdiction and at the same time deny that jurisdiction exists." *Lord v. Hubert*, 12 Ill. 2d at 87, 145 N.E.2d at 80.

■ Defendant correctly states that the word "appearance" for jurisdictional purposes means more than physical presence. (*In re A.M.* (1984), 128 Ill. App. 3d 100, 104, 470 N.E.2d 58.) The cases which have conferred jurisdiction by constituting defendant's acts a general appearance required more than a *pro se* defendant's mere request for a continuance to get an attorney. (See, *e.g., People v. Estep* (1955), 6 Ill. 2d 127, 126 N.E.2d 637 (counsel for defendants appeared and moved six times for a continuance); *Williamsburg Village Owners' Association, Inc. v. Lauder Associates* (1989), 181 Ill. App. 3d 931, 537 N.E.2d 857 (assertion of equitable defense in connection with special appearance); *Thilman & Co. v. Esposito* (1980), 87 Ill. App. 3d 289, 408 N.E.2d 1019 (counsel for defendant initially entered a special appearance but then proceeded to participate in the trial without any order being entered as to the jurisdictional question); *Difanis v. Martin-Trigona* (1979), 73 Ill. App. 3d 352, 353, 391 N.E.2d 1067 (the filing of a jury demand "for any and all, if there be any, subsequent proceedings in the state court"); *Slade v. Bowman* (1977), 49 Ill. App. 3d 242, 364 N.E.2d 922 (after filing an appearance, defendant filed and argued a section 72 motion (now section 2—1401)); *McKnelly v. McKnelly* (1976), 38 Ill. App. 3d 637, 348 N.E.2d 500 (stipulation for attempted reconciliation in divorce proceeding deemed general appearance).) Accordingly, the issue becomes whether or not defendant did something beyond making a request for a continuance to obtain counsel which would recognize the power of the court to act and thus establish a general appearance. See *In re A.M.*, 128 Ill. App. 3d at 104.

In the present case, we find that defendant did something more than merely make a *pro se* request for continuance in order to warrant a finding that his acts constituted a general appearance. As we have stated previously, defendant's initial appearance in court on April 12, 1990, to request time to obtain counsel was not sufficient to establish a general appearance. However, on April 23, 1990, defendant filed a jury demand, advised the court that he had obtained counsel and although raising the jurisdictional question, asked for an additional continuance.

■ The filing of a jury demand is clearly an assertion of rights which affect the course of the litigation. It cannot be characterized in

the same manner as a mere request by a *pro se* defendant for an opportunity to obtain counsel. A jury demand confers upon the parties and the judicial system certain rights and obligations, and upon the filing of a jury demand, coupled with defendant's physical appearances before the court on two occasions, defendant is deemed to have made a general appearance in this case. *Difanis v. Martin-Trigona* (1979), 73 Ill. App. 3d 352, 391 N.E.2d 1067.

Section 2—1105 allows a defendant desirous of a trial by jury to file a demand not later than the filing of his or her answer. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1105.) Statutes regulating the right to a jury trial should be liberally construed in favor of allowing this right, and the inclination of the court should be to protect and to enforce this right. *People ex rel. Raines v. Biggs* (1985), 135 Ill. App. 3d 200, 481 N.E.2d 899.

At the trial and during this appeal, defendant stood on his special appearance. As noted, the trial court erred in striking defendant's jury demand and proceeded to judgment in a bench trial. It would be a neat bit of casuistry if we allowed this court to impose jurisdiction because of the jury demand and allow the trial court to erroneously strike the jury demand as not being timely.

■ While defendant's jurisdictional theory of the case restrains him from objecting to the error in striking the jury demand, this court is not so precluded. Supreme Court Rule 366 empowers a reviewing court, in the exercise of its responsibility to obtain a just result, to decide a case on grounds not raised by the parties. (134 Ill. 2d R. 366.) The authority of courts to predicate their decision on matters not raised on appeal is beyond dispute. *Occidental Chemical Co. v. Agri Profit Systems, Inc.* (1976), 37 Ill. App. 3d 599, 346 N.E.2d 482.

The prohibition against raising issues not raised in the trial court or not set forth in the notice of appeal is a limitation on the parties and not upon the jurisdiction of the reviewing courts. *Hux v. Raben* (1967), 38 Ill. 2d 223, 230 N.E.2d 831.

■■ We elect to determine this controversy on the trial court's error in striking the jury demand. Because of the narrowness of defendant's appeal, this issue was not raised, but we believe there is ample authority for us to so act. (*Village of Schaumburg v. Franberg* (1981), 99 Ill. App. 3d 1, 424 N.E.2d 1239; *Mitchell v. Mitchell* (1977), 54 Ill. App. 3d 18, 369 N.E.2d 276; *In re Application of County Treasurer* (1975), 25 Ill. App. 3d 717, 323 N.E.2d 803.) So important is the need for a just result and for the maintenance of a sound and uniform body of precedent, that courts may be required to override consider-

ations of waiver or procedure that stem from the adversary character of our system. *Hux v. Raben* (1967), 38 Ill. 2d 223, 230 N.E.2d 831.

Accordingly, we will follow Supreme Court Rule 366, which allows us to "enter any judgment and make any order that ought to have been given or made, and make any other and further order and grant any relief *** that the case may require." 134 Ill. 2d R. 366(a)(5).

■■ The ruling by the trial court striking the jury demand was not an exercise of discretion relating to allowance of a late filed jury demand, but rather the striking of a properly filed and timely jury demand, and this erroneous belief of the trial court was reversible error.

■■ Next, defendant has asserted that the "post and mail" provisions in section 9—107 are unconstitutional, both facially and as applied in the present case, because they violate defendant's due process rights to be afforded adequate and proper notice of the pendency of plaintiff's action. We have decided that the jurisdiction of the trial court was dependent upon acts of the defendant rather than plaintiff's arrangement for service of process. It is clear that a reviewing court will decide a constitutional question only where it is essential to the disposition of the case and should avoid passing upon a constitutional issue if the case could be decided without its determination. *In re Application of County Collector* (1989), 132 Ill. 2d 64, 547 N.E.2d 107; *Exchange National Bank v. Lawndale National Bank* (1968), 41 Ill. 2d 316, 243 N.E.2d 193; *Village of Schaumburg v. Franberg* (1981), 99 Ill. App. 3d 1, 424 N.E.2d 1239.

Accordingly, we reverse the decision of the circuit court and order a new trial.

Reversed.

CERDA, P.J., and RIZZI, J., concur.