CHERIE KOTTMEYER, Adm'x of the Estate of Eugene Kottmeyer, Deceased, Plaintiff-Appellee, v. CONSOLIDATED RAIL CORPORATION *et al.*, Defendants (Hung Myung Industrial Company, Ltd., Defendant-Appellant).

Fifth District No. 5—89—0800

Opinion filed October 1, 1991.

GOLDENHERSH, J., dissenting.

Richard E. Boyle and Joseph C. Orlet, both of Gundlach, Lee, Egg-mann, Boyle & Roessler, of Belleville, for appellant.

Kevin T. Hoerner, of Kassly, Bone, Becker, Dix, Reagan & Young, P.C., of Belleville, for appellee.

PRESIDING JUSTICE RARICK delivered the opinion of the court:

Defendant, Hung Myung Industrial Co., Ltd., appeals from the order of the circuit court of St. Clair County granting the motion of plaintiff, Cherie Kottmeyer, administratrix of the estate of Eugene Kottmeyer, deceased, to strike defendant's special appearance. We reverse and remand.

In May of 1986, plaintiff filed a complaint against defendant Consolidated Rail Corporation. In October of 1987, plaintiff amended her complaint to include Hung Myung Industrial Co., Ltd. (Hung Myung), as a defendant to the action. Hung Myung, a Korean corporation with its principal place of business in Seoul, Korea, responded by filing a special appearance pursuant to section 2—301 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—301) for the sole purpose of objecting to the jurisdiction of the court over its person. This special appearance included a jury demand. Two months later Hung Myung filed a motion to quash service of process based on a lack of *in personam* jurisdiction. This time Hung Myung did not include a jury demand. The circuit court subsequently entered an order finding Hung Myung before the court on a special and limited appearance. Plaintiff next requested to conduct discovery pursuant to Supreme Court Rule 201(l) (134 Ill. 2d R. 201(l)), which permits discovery on jurisdictional issues raised in a special appearance. The trial court granted this request, and for the next 1½ years, the parties conducted discovery on the issue of whether Hung Myung was amenable to process issued by an Illinois court. On October 26, 1990, however, plaintiff filed a motion to strike Hung Myung's special appearance on the ground that by requesting additional relief of the court through its jury demand, Hung Myung's special appearance, in fact, constituted a general appearance. The circuit court agreed and granted plaintiff's motion. Hung Myung argues on appeal its special appearance was not converted into a general appearance merely by including a jury demand in the pleading. Under the circumstances presented here, we agree with Hung Myung.

Section 2—301(a) pertaining to special appearances states:

> "Prior to filing any other pleading or motion, a special appearance may be made either in person or by attorney for the purpose of objecting to the jurisdiction of the court over the person of the defendant. A special appearance may be made as to an entire proceeding or as to any cause of action involved therein. Every appearance, prior to judgment, not in compliance with the foregoing is a general appearance." (Ill. Rev. Stat. 1987, ch. 110, par. 2—301(a).)

Consequently, a person who wishes to contest an Illinois court's jurisdiction necessarily must limit his or her challenge to jurisdictional matters as opposed to substantive issues of the lawsuit. (See *Kotlisky v. Kotlisky* (1990), 195 Ill. App. 3d 725, 731, 552 N.E.2d 1206, 1209.) This follows logically for if one were to ask the court for affirmative relief, it would be incongruous to protest simultaneously that the same court lacks jurisdiction. (195 Ill. App. 3d at 731, 552 N.E.2d at 1209.) We do not believe that in this instance Hung Myung by including a demand for jury trial intended to submit to the court's jurisdiction for anything other than to challenge that jurisdiction. Its objection to jurisdiction as well as all other pleadings specifically carried the caption "Special and limited appearance," and none addressed the substantive issues of plaintiff's complaint. (Compare *Kotlisky*, 195 Ill. App. 3d at 731-32, 552 N.E.2d at 1209-10, with *Ahart v. Young* (1990), 194 Ill. App. 3d 461, 464, 551 N.E.2d 685, 688-89.) More importantly, plaintiff and the court itself all operated for some 18 months as though Hung Myung was before the court solely on a special and limited appearance to contest jurisdiction. Hung Myung certainly had no intention to waive jurisdiction simply by including a jury request with its pleading, and no one else interpreted its request as such for over a year and a half. (See *Mason v. Freeman National Printing Equipment Co.* (1977), 51 Ill. App. 3d 581, 585-86, 366 N.E.2d 1015, 1018-19; see also *Diaber v. Con/Chem, Inc.* (1978), 57 Ill. App. 3d 918, 919-20, 373 N.E.2d 805, 807.) Under such circumstances, we will not sanction form over substance. We therefore decline to follow the holding in *Difanis v. Martin-Trigona* (1979), 73 Ill. App. 3d 352, 391 N.E.2d 1067, in this instance.

For the aforementioned reasons, we reverse the judgment of the circuit court of St. Clair County striking Hung Myung's special appearance, and we remand this cause for further proceedings consistent with this opinion.

Reversed and remanded.

WELCH, J., concurs.

JUSTICE GOLDENHERSH, dissenting:

I respectfully dissent.

The law concerning the distinction between special and general appearances is well settled in Illinois. In 1957, the Illinois Supreme Court explained: "[A]ny action taken by the litigant which recognizes the case as in court will amount to a general appearance unless such action was for the sole purpose of objecting to the jurisdiction." (*Lord v. Hubert* (1957), 12 Ill. 2d 83, 87, 145 N.E.2d 77, 80.) In fact, the supreme court had previously held that a stipulation for a continuance amounts to a general appearance. *People v. Estep* (1955), 6 Ill. 2d 127, 128, 126 N.E.2d 637, 638.

Both the Second and Fourth District Appellate Courts have held that a jury demand constitutes a general appearance. (*Difanis v. Martin-Trigona* (1979), 73 Ill. App. 3d 352, 355, 391 N.E.2d 1067, 1069; *McGuire v. Outdoor Life Publishing Co.* (1941), 311 Ill. App. 267, 279, 35 N.E.2d 816, 822.) In *Difanis*, the court held that although the mere filing of a removal petition does not convert a special appearance into a general appearance, coupling the removal petition with a jury demand does. In *McGuire*, the court held that whether service upon the corporation was proper is irrelevant because the corporation's jury demand and motion to quash service constituted a general appearance. Although not bound by these cases, I find their logic persuasive and, contrary to the majority, urge that we follow *Difanis*.

As its name implies, a special and limited appearance is limited in nature. The sole purpose of a limited appearance is to object to the jurisdiction of the court over the person of the defendant. Any act which recognizes the cause as being in court will waive that special nature. (*Lord v. Hubert*, 12 Ill. 2d 83, 145 N.E.2d 77.) It is illogical to ask a court to exercise its jurisdiction and simultaneously deny its existence. (*McKnelly v. McKnelly* (1976), 38 Ill. App. 3d 637, 639, 348 N.E.2d 500, 502.) That is precisely what defendant seeks to do. By demanding a jury, defendant recognized the action as being in court. Defendant, in essence, invoked the jurisdiction of the circuit court and simultaneously denied its existence. I would therefore hold that in demanding a jury, defendant waived its special appearance.

Defendant argues, and the majority agrees, that characterizing a jury demand as a waiver of a special appearance will trap defendant by a technicality. Defendant, here, attempted to employ a very strict

and narrow procedural device, the special and limited appearance, to challenge the court's jurisdiction. I see no problem with the special and limited appearance mechanism as well as its narrow scope, and I do not believe a result contrary to the majority would trap defendant by a technicality.

Defendant points out that plaintiff did not question the nature of defendant's filing until over 1½ years after the initial filing. The operative date here, however, was when defendant filed its jury demand. That is the time defendant invoked the jurisdiction of the court. Defendant's waiver of the jurisdiction issue is no less valid because it was not called to the attention of the circuit court until 1½ years later.

Defendant further argues that because a jury demand did not defeat a special appearance under the prior Code, it should not do so now. A plain reading of the Joint Committee Comments shows a clear intent to change the law.

> "Formerly, a party filing a special appearance was also required to file a jury demand in order to preserve his right to a jury. ***
> *** [The Code] now permits the defendant to file his jury demand at the time his answer is filed." (Ill. Ann. Stat., ch. 110, par. 2—1105, Joint Committee Comments (1955), at 504 (Smith-Hurd 1983).)

Defendant could have properly delayed its jury demand until it filed an answer.

Finally, defendant argues that recognizing the special appearance with a jury demand as a general appearance will deprive defendant of its constitutional rights under the fifth and fourteenth amendments to the United States Constitution. (U.S. Const., amends. V, XIV.) Plaintiff responds that defendant knowingly and voluntarily submitted itself to the jurisdiction of the circuit court. Only a knowing, intentional, and unequivocal act can waive a party's due process rights. (*D.H. Overmyer Co. v. Frick Co.* (1972), 405 U.S. 174, 185-86, 31 L. Ed. 2d 124, 133-34, 92 S. Ct. 775, 782.) A jury demand is such a knowing, intentional, and unequivocal act which recognizes the jurisdiction of the circuit court.

The majority's strongest argument is that to uphold the order of the circuit court promotes form over substance. I completely agree that form should not be promoted over substance; the demand by a party for a jury trial is not mere form but is substance. It invokes the right of a litigant to be heard by a jury when he has his day in court and, as a practical matter, results in a different course of liti-

gation than that of a nonjury trial. As noted above, a party requests the court to act on its behalf in securing its right of jury trial.

The public policy of Illinois is expansive regarding the exercise of jurisdiction. (See Ill. Rev. Stat. 1987, ch. 110, par. 2—209 (the long arm statute); *Connelly v. Uniroyal, Inc.* (1979), 75 Ill. 2d 393, 389 N.E.2d 155; *Gray v. American Radiator & Standard Sanitary Corp.* (1961), 22 Ill. 2d 432, 176 N.E.2d 761.) It is consistent with this policy, and not improper or constitutionally impermissible, to require strict compliance with clear and established procedures in order to contest jurisdiction. In this case defendant did not so comply.

For these reasons, I would affirm the circuit court of St. Clair County and remand this cause for further proceedings.