SEGUROS COMERCIAL AMERICA,
S.A. de C.V. Plaintiff,

v.

AMERICAN PRESIDENT LINES, LTD.
and Trucking Servicios Mexicanos
S.A. de C.V., Defendants.

Civil Action No. L–96–30.

United States District Court,
S.D. Texas,
Laredo Division.

May 16, 1996.

Dana Keith Martin, Hill, Rivkins, Loesberg, Obrien, Mulroy & Hayden, Houston, TX, for plaintiff.

Charles Scott Kinzel, Trevor R. Jefferies, Royston Rayzor Vickery & Williams, Houston, TX, for defendant.

### MEMORANDUM AND ORDER

KAZEN, District Judge.

Pending before the Court are Plaintiff Seguros' motion to remand and Defendant APL's motion to dismiss on *forum non conveniens* grounds. This is the eighth suit brought against Defendant APL involving goods hijacked while being trucked to Mexico

under bills of lading issued by APL. In seven of these suits, Seguros is the plaintiff. Also, counsel for the parties are the same in all eight cases.

### Background

This particular action concerns the loss of stereo equipment shipped from Hong Kong to Mexico City, Mexico on January 8, 1995. The goods never reached Mexico City because they were hijacked before reaching its final destination. The shipper was Comercializadora Majestic S.A. de C.V. ("Majestic"), Plaintiff's subrogor. Plaintiff Seguros is a Mexican insurance company suing on behalf of Majestic. The carrier is APL, a Delaware Corporation headquartered in Oakland, California and with offices in Laredo, Texas and Mexico City. APL either hired, subcontracted or itself carried the cargo during the entire trip. Defendant Trucking Servicios Mexicanos S.A. de C.V. ("TSM") is a foreign corporation hired by APL to carry the cargo through Mexico.

On January 25, 1996, Plaintiff Seguros brought suit in a state court in Webb County, Texas against Defendants APL and TSM. In its state court petition, Seguros alleges negligence in failing to provide adequate security and take adequate precautions, negligent entrustment, negligence under *res ipsa loquitur*, and negligent bailment. Defendant APL received a copy of the state court petition on February 6, 1996. Defendant TSM was served through the Texas Secretary of State on February 7, 1996 and a return was filed in state court on February 15, 1996. On March 5, 1996, Defendant APL removed to this court alleging diversity and federal-question jurisdiction. APL argues that jurisdiction exists under 28 U.S.C. § 1332 because TSM is a nominal party and was fraudulently joined. Alternatively, APL contends that federal-question jurisdiction exists because this case arises under COGSA. Moreover, APL requests that the Court pretermit Plaintiff's motion to remand and instead, grant APL's motion to dismiss on *forum non conveniens* grounds.

On April 1, 1996, Seguros filed a motion to remand this action to state court. Seguros argues that this case was improvidently removed because TSM failed to join in APL's notice of removal. Plaintiff disputes that TSM was fraudulently joined and that federal-question jurisdiction exists.

### Motion to Dismiss on Forum Non Conveniens

■ Relying upon *Villar v. Crowley Maritime Corp.*, 990 F.2d 1489 (5th Cir.1993), *cert. denied*, 510 U.S. 1044, 114 S.Ct. 690, 126 L.Ed.2d 658 (1994), Defendant APL requests that the Court consider the motion to dismiss on *forum non conveniens* grounds before addressing the motion to remand. In *Villar*, a Fifth Circuit panel held that a district court may dismiss on *forum non conveniens* grounds an action removed to federal court rather than remand it to state court. *Id.* at 1497–98. It is instructive that in *Villar*, the Fifth Circuit first determined that it had no jurisdiction over the allegedly fraudulently joined defendants. Those defendants, however, had joined in the removal notice and had filed their own dismissal motions under Federal Rule of Civil Procedure 12(b)(2). *Villar v. Crowley Maritime Corp.*, 780 F.Supp. 1467, 1472 (S.D.Tex.1992). This contrasts with the instant case, where the Mexican defendant did neither. Under these circumstances, the Court concludes there is no removal jurisdiction and that a decision to dismiss on *forum non conveniens* grounds would be inappropriate.

### Motion to Remand

■ To remove a state-court action to federal court, 28 U.S.C. § 1446(a) requires that the defendant or defendants file a notice of removal with the federal district court in the district in which the suit is pending. Section 1446(a) requires that all properly joined and served defendants join in the removal notice. *Getty Oil v. Ins. Co. of North Am.*, 841 F.2d 1254, 1262 (5th Cir.1988). Moreover, § 1446(b) mandates that all served defendants join in the removal notice within thirty days after the first defendant was served. *Id.* at 1263. Failure on the part of a served defendant to join in the removal notice during this thirty-day period renders the removal improvident. *Id.* at 1263 n. 12. Although a defendant's failure to join in the notice of removal is not a jurisdictional defect and can be waived, the action must be re-

manded to state court on this basis alone if the plaintiff timely challenges the removal. 28 U.S.C. § 1447(c); *Doe v. Kerwood,* 969 F.2d 165 (5th Cir.1992). Finally, the removal statute is strictly construed against removal. *Getty Oil,* 841 F.2d at 1263 n. 13.

 It is undisputed that TSM did not join in APL's notice of removal and that APL has not obtained TSM's consent to join in the notice of removal. APL nevertheless contends that TSM did not have to join in the notice of removal for two reasons: (1) because TSM was served improperly and (2) because TSM is a nominal party who was fraudulently joined. Defendant TSM did not file an answer in state court and has not appeared in this Court.

Defects concerning service of process are waivable. *See* Fed.R.Civ.P. 12(h)(1). In addition, the right to waive these defects are personal to the party upon whom service of process is attempted. Thus, APL cannot complain about any alleged deficiencies about service of process on TSM, and APL's objections to service of process on TSM are not grounds for failing to secure TSM's joinder in the removal notice. *Hess v. Great Atlantic & Pac. Tea Co.,* 520 F.Supp. 373, 376 (N.D.Ill.1981) (holding that "[u]nless there has been a state court determination prior to removal that service on a defendant was defective, all defendants upon whom purported service has been made at the time of removal must join in the petition").

Regarding the fraudulent joinder charge, APL argues that there is "no possibility" that Seguros will recover from Defendant TSM because Texas courts lack personal jurisdiction over TSM. However, the defense of lack of personal jurisdiction, like defects concerning service of process, can also be waived, and the right to waive *in personam* jurisdiction is personal to the defendant. *See* Fed.R.Civ.P. 12(h)(1). APL therefore cannot establish that TSM was fraudulently joined based upon a defense that is available only to Defendant TSM. *See Hess,* 520 F.Supp. at 376.

Because TSM did not join the notice of removal, APL failed to comply with the strict procedural requirements of § 1446(a). Plain-

tiff's motion to remand, therefore, is **GRANTED.**