THE PEOPLE *ex rel.* NEIL F. HARTIGAN, Attorney General, Plaintiff-Appellee, v. HIRAM ANDERSON *et al.*, Defendants-Appellants.

Third District   Nos. 3—91—0727, 3—91—0783 cons.

Opinion filed July 29, 1992.

Glenn Seiden & Associates, of Chicago (Glenn Seiden, of counsel), for appellant Hiram Anderson.

Sharon G. Kramer, of Chicago, for appellant Linda Anderson.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Mark E. Wilson, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE HAASE delivered the opinion of the court:

The defendant, Hiram Anderson, was indicted by the State for medicaid fraud and other crimes. Shortly prior to his indictment, Anderson transferred to his wife, Linda Anderson, his beneficial interest in the couple's marital residence. Although the criminal charges were ultimately dismissed, the State of Illinois obtained a civil judgment against Anderson for $2,136,360. The State then brought the present action seeking to set aside the transfer of Anderson's interest in the marital residence as a "fraudulent conveyance." The trial court ruled in favor of the State and ordered Anderson's one-half interest in the home be applied to satisfy the civil award. Both Hiram and Linda Anderson appeal.

Hiram Anderson (Anderson) is a pharmacist and owns a pharmacy in Cook County, Illinois. On November 16, 1983, he was served with a grand jury subpoena commanding him to appear before the Cook County grand jury. The subpoena also commanded Anderson to produce his State and Federal tax returns for the years 1981 and 1982. The subpoena states that the evidence sought relates to "an investigation into possible thefts from the Illinois Medicaid Program." Anderson failed to appear on the date commanded, and the State filed a petition for a rule to show cause. The petition stated that the grand jury

was investigating possible thefts from the Illinois Medicaid Program and "that the Respondent, HIRAM ANDERSON, is a target defendant of that investigation." Anderson ultimately complied with the subpoena and was indicted by the grand jury on July 11, 1984.

On June 21, 1984, Anderson transferred to his wife 100% interest in the couple's marital residence. According to the wife, she discovered that her husband had been having an affair and had fathered two children with another woman. At the behest of her sister and other family members, the wife agreed not to divorce Anderson only if he transferred to her total ownership of the house. The wife testified that the transfer was intended to prevent Anderson from mortgaging the property without her consent. Prior to that transfer, title to the couple's home was held in Anderson's name alone.

In late 1985, the State dropped the criminal charges against Anderson. In July of 1987, the State instituted a civil suit against him and obtained a civil judgment of over $2 million. By that time, Anderson had transferred many of his assets to family members and lacked the funds to satisfy the judgment. In March of 1989, the State filed the present action seeking to set aside the transfer of Anderson's interest in the marital residence. The State contended that the transfer amounted to a "fraudulent conveyance." The trial court conducted a hearing on the matter and ruled that the transfer had been fraudulent. The trial court ruled that the wife possessed a one-half interest in the property and also awarded her a $25,000 special equity interest. The balance the court ruled was properly the property of the State of Illinois. Both Hiram and Linda Anderson appeal.

The question presented to this court is whether the trial court abused its discretion in ruling that Hiram Anderson fraudulently conveyed to his wife his interest in the couple's marital residence.

■ In order to establish that a conveyance is fraudulent in law, three elements must be present: (1) there must be a transfer made for no or inadequate consideration; (2) there must be existing or contemplated indebtedness against the transferor; and (3) it must appear that the transferor did not retain sufficient property to pay his indebtedness. (*Gendron v. Chicago & North Western Transportation Co.* (1990), 139 Ill. 2d 422, 438, 564 N.E.2d 1207, 1215.) In determining whether a transfer meets the above criteria, the law establishes certain presumptions. Where a husband makes a voluntary conveyance to his wife and afterward becomes insolvent, fraud is presumed and the burden of proof is on him to disprove the implication of fraud as to creditors at the time of making the conveyance. *Robertson v. Robertson* (1984), 123 Ill. App. 3d 323, 335, 462 N.E.2d 712.

According to Anderson and his wife, (1) the wife's decision not to divorce Anderson constituted adequate consideration for the transfer; (2) Anderson did not contemplate at the time of the transfer that a civil judgment could be rendered against him; and (3) the trial court erred in rejecting the wife's and Anderson's unrebutted testimony regarding the above.

At trial, Anderson, his wife and her sister all testified that absent the conveyance of the house, dissolution of marriage was eminent. Anderson also testified that he did not contemplate at the time of the conveyance that a civil suit was even a possibility. The State did not offer testimony in opposition. Both defendants argue, with citation to authority, that the court was bound to accept as true their unrebutted testimony absent a finding that the testimony was "contrary to the laws of nature or universal human experience *** so incredible so as to be inherently unbelievable."

They are only partly correct. In *Elliott v. Koch* (1990), 200 Ill. App. 3d 1, 558 N.E.2d 493, the court recited the correct and *entire* ruling concerning unrebutted testimony.

> "A jury cannot disregard uncontradicted testimony unless it is inherently unbelievable. [Citation.] However, if the testimony of a witness is contradicted by other testimony *or circumstances,* or impeached, then the jury decides the credibility and weight afforded such testimony." (Emphasis added.) 200 Ill. App. 3d at 12.

In the case at bar, there are several circumstances in the record from which the trial court could conclude that the testimony of the witnesses was contradicted. On November 16, 1983, Anderson was served with a grand jury subpoena commanding him to appear before the Cook County grand jury. Subsequently, there was a petition for a rule to show cause which stated that the grand jury was investigating possible thefts from the Illinois Medicaid Program and "that the respondent, Hiram Anderson, is a target defendant of that investigation." On June 21, 1984, Anderson transferred to his wife 100% interest in the couple's marital residence. On July 11, 1984, Anderson complied with the subpoena and was indicted by the grand jury. According to the defendant and his wife, the conveyance had nothing to do with the Cook County subpoena. However, the trial court, as the trier of fact in this case, was not required to accept the defendant's testimony in the face of compelling circumstantial evidence to the contrary. Circumstantial evidence is the proof of facts or circumstances which give rise to an inference of other facts. In this case the circumstances were such that the trial court could well have derived an in-

ference from them that the transfer was done in fraud of the defendant's creditors. Although the trial court was certainly free to accept the defendant's story, it was not bound to do so. The circumstances surrounding the transfer certainly call into question the validity of the transfer.

■ The circumstances involved in this case having tended to contradict the defendant's testimony, it was up to the trier of fact to determine the credibility and weight to be afforded the testimony. The court obviously rejected the defendant's proffered testimony, and we cannot say that the court's ruling is against the manifest weight of the evidence.

■ The other issue raised in this appeal relates to the trial court's division of the proceeds of the sale of the property. The court ordered that the proceeds would be applied to the outstanding judgment except that Linda Anderson would receive a special equity exemption of $25,000, a homestead exemption and 50% of the remainder. Anderson argues for a different property division. Appellants do not cite any authority as to why the trial court erred by ordering the particular property division. Under Supreme Court Rule 341(e)(7) (134 Ill. 2d R. 341(e)(7)), a party who fails to cite authority in support of an argument is deemed to have waived that argument. Accordingly, we find that appellant Linda Anderson has waived her argument regarding the distribution order.

Even if appellant had not waived this argument, a review of the record in this case shows that the trial court's method of distribution was not erroneous. Section 12—912 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 12—912) provides that homestead exemptions are taken out of the proceeds of a judgment sale *before* the proceeds are applied to the judgment. Special equity exemptions, likewise, must be taken out of the proceeds of a sale before division of the balance of the proceeds. Ill. Rev. Stat. 1989, ch. 110, par. 12—1001.

We are of the opinion that the trial court's division comports with existing Illinois law and is not against the manifest weight of the evidence and should be affirmed.

The judgment of the circuit court of Will County is affirmed.

Affirmed.

BARRY and GORMAN, JJ., concur.