*In re* MARRIAGE OF PHYLLIS VILLAROSA, Petitioner-Appellant, and GREGORY VILLAROSA, Respondent-Appellee.

Fourth District  No. 4—92—0477

Opinion filed December 3, 1992.

Marvin Gerstein, of Urbana, for appellant.

John T. Phipps, of John T. Phipps Law Offices, P.C., of Champaign, for appellee.

JUSTICE LUND delivered the opinion of the court:

Petitioner Phyllis Villarosa appeals from an order of the circuit court of Champaign County granting respondent Gregory Villarosa's "Special and Limited Appearance and Motion to Quash Summons." Petitioner's contention on appeal is that by including paragraph No. 8 in respondent's motion, it became a general appearance.

Respondent's motion is based upon there being no personal jurisdiction in Illinois. It is a five-page motion, consisting of nine paragraphs and an attached two-page affidavit with eight paragraphs. All the various paragraphs relate to the lack of personal jurisdiction, with a possible exception of paragraph No. 8 of the motion, which provides:

"Further, in order to present a justiciable controversy for the court to have subject matter jurisdiction over the foreign orders, such orders must be registered in Illinois in the manner provided under either Ch. 40, Sections 1235—1242, Ill. Rev. Stat. or Section 12—602 of the Illinois Code of Civil Procedure. The record discloses that in this case neither statute has been followed. Because these orders are not properly registered, there is no justiciable controversy before this court. Consequently, if there is not justiciable controversy before the court, there can be no basis for personal jurisdiction over the Respondent, GREGORY VILLAROSA."

With the exception of paragraph No. 8, respondent's motion emphasizes several times that the motion is for the sole purpose of objecting according to sections 2—301(a) and (b) of the Code of Civil Procedure, which provide:

"Special appearance. (a) Prior to filing any other pleading or motion, a special appearance may be made either in person or by attorney for the purpose of objecting to the jurisdiction of the court over the person of the defendant. A special appearance may be made as to an entire proceeding or as to any cause of action involved therein. Every appearance, prior to judgment, not in compliance with the foregoing is a general appearance.

(b) If the reasons for objection are not apparent from the papers on file in the case, the special appearance shall be supported by affidavit setting forth the reasons. In ruling upon the objection, the court shall consider all matters apparent from the papers on file in the case, affidavits submitted by any party, and any evidence adduced upon disputed issues of fact. No determination of any issue of fact in connection with the objection is a determination of the merits of the case or any aspect thereof. A decision adverse to the objector does not preclude the objector from making any motion or defense which he or she might otherwise have made." Ill. Rev. Stat. 1991, ch. 110, pars. 2—301(a), (b).

■ Any action taken by a litigant that recognizes a case as being in court will amount to a general appearance unless the action was for the sole purpose of objecting to jurisdiction over the person. (*In re Estate of Zoglauer* (1992), 229 Ill. App. 3d 394, 397, 593 N.E.2d 93, 95; *Colletti v. Crudele* (1988), 169 Ill. App. 3d 1068, 1075, 523 N.E.2d 1222, 1227; *In re Marriage of Stafeil* (1988), 169 Ill. App. 3d 630, 633-34, 523 N.E.2d 1003, 1005.) An accompanying, or second, motion

to dismiss (on other grounds) is a general appearance and a submission to the court's jurisdiction and waives the challenge to *in personam* jurisdiction. (*Ahart v. Young* (1990), 194 Ill. App. 3d 461, 464, 551 N.E.2d 685, 688; *ETA Trust v. Recht* (1991), 214 Ill. App. 3d 827, 831, 574 N.E.2d 4, 7.) A stipulation asking that a divorce proceeding be suspended to permit a trial reconciliation has been considered a general appearance (*McKnelly v. McKnelly* (1976), 38 Ill. App. 3d 637, 639, 348 N.E.2d 500, 502), and participating as a witness in the proceedings is a waiver of the jurisdiction issues (*Greene v. Board of Election Commissioners* (1983), 112 Ill. App. 3d 862, 867-68, 445 N.E.2d 1337, 1341-42).

■ If respondent had invoked the court's jurisdiction for purposes of hearing an objection to the registration in Illinois of the foreign orders, we recognize the *possibility* of waiver of the special appearance and the triggering of a general appearance. However, we need not decide this issue. We conclude the respondent's motion was limited to the personal jurisdiction issue.

The first seven paragraphs of respondent's motion related only to the personal jurisdiction question. The balance of the motion, after paragraph No. 8, provided as follows:

"9. JOHN T. PHIPPS states that his authority in this case is limited to appearing on behalf of Respondent, GREGORY VILLAROSA, on this motion to object to the jurisdiction of the court over the person of the Respondent and for no other purpose.

WHEREFORE, Respondent, GREGORY VILLAROSA, prays that this court will find it has no jurisdiction over Respondent and enter an order quashing the service of summons on him."

We hold the trial court's jurisdiction to hear the question of proper registration was not invoked. (See *Davis v. Davis* (1973), 9 Ill. App. 3d 922, 929, 293 N.E.2d 399, 405.) The motion was for no other purpose than the jurisdiction of the person issue and nothing else was presented to the court.

Affirmed.

McCULLOUGH and COOK, JJ., concur.