MARY E. WEIERMAN, Plaintiff-Appellant, v. WOOD LANDSCAPING, INC., Defendant-Appellee.

Third District    No. 3—93—0689

Opinion filed March 18, 1994.

Julie A. Renehan, of Nadelhoffer, Campbell, Kuhn, Mitchell, Moss & Saloga, of Naperville, for appellant.

John A. Nudo, of Joliet, for appellee.

JUSTICE McCUSKEY delivered the opinion of the court:

The plaintiff, Mary E. Weierman (Weierman), appeals from an order of the circuit court of Will County quashing a defective service of summons upon the defendant, Wood Landscaping, Inc. (Wood). Weierman argues that Wood's initial pleading to vacate default judgments and requesting leave to file an answer or otherwise plead constituted a general appearance, thereby waiving any objection to faulty service of process and submitting Wood to the court's jurisdiction. We agree and vacate the trial court's order quashing service of process. We remand this cause to the circuit court of Will County to allow the case to proceed against Wood.

Wood is an Illinois corporation with its principal place of business in Joliet, Illinois. On April 26, 1993, Weierman filed a complaint against Wood for injuries allegedly sustained when Wood's truck collided with Weierman's car. On May 10, 1993, a deputy sheriff served a copy of the summons and complaint upon Donald L. Cordano, Wood's former registered agent.

In early July 1993, Wood filed its first pleading. This pleading was entitled "MOTION TO VACATE DEFAULTS AND FOR LEAVE TO FILE APPEARANCE INSTANTER" and requested the following of the trial court:

> "[T]o vacate all defaults, technical or otherwise, which may have been previously entered against the Defendant; for leave to file its appearance on behalf of the Defendant instanter and further for leave to answer or otherwise plead on behalf of the Defendant within twenty eight days."

On July 9, 1993, the court granted Wood's attorney leave to file an *instanter* appearance on Wood's behalf and ordered Wood to answer or otherwise plead within 28 days. Because the trial court had not entered any default judgments against Wood, this portion of the motion was denied.

On July 29, 1993, Wood filed two additional pleadings with the trial court. The first pleading was a special and limited appearance for the purpose of contesting jurisdiction. The second was a motion to quash service of process and to dismiss for want of personal jurisdiction. This motion asserted that at the time Cordano was served with the summons and complaint, he was not Wood's registered agent. Cordano had resigned as Wood's agent on July 14, 1989. The motion also stated that Cordano had no other connections to Wood. Finally, Cordano's affidavit corroborating these matters was attached to the motion. On August 6, 1993, the trial court granted Wood's motion and entered an order quashing service of process. On September 3, 1993, Weierman filed a timely notice of appeal.

The sole issue before us is whether Wood's initial appearance in early July 1993 constituted a general appearance. For the reasons which follow, we conclude that it was a general appearance. As a consequence, Wood's first appearance acceded to the trial court's jurisdiction and waived all objections to defective service. Accordingly, we hold that Wood's July 29, 1993, special and limited appearance to contest jurisdiction was untimely filed. Therefore, the trial court committed error in quashing service of process.

■ Section 2—301(a) of the Code of Civil Procedure governs the entry of special appearances and provides in relevant part:

> "(a) Prior to filing any other pleading or motion, a special

appearance may be made either in person or by attorney for the purpose of objecting to the jurisdiction of the court over the person of the defendant. *** Every appearance, prior to judgment, not in compliance with the foregoing is a general appearance." (735 ILCS 5/2—301(a) (West 1992).)

A special and limited appearance is confined solely to the purpose of contesting jurisdiction. (*Charles v. Gore* (1993), 248 Ill. App. 3d 441, 446, 618 N.E.2d 554, 557.) A special and limited appearance must be designated as such to avoid its construction as a general appearance. (*Ahart v. Young* (1990), 194 Ill. App. 3d 461, 464, 551 N.E.2d 685, 688.) Any action taken by a litigant which recognizes the case as being in court will constitute a general appearance unless such action was for the sole purpose of contesting jurisdiction. (*Lord v. Hubert* (1957), 12 Ill. 2d 83, 87, 145 N.E.2d 77; *In re Estate of Zoglauer* (1992), 229 Ill. App. 3d 394, 397, 593 N.E.2d 93, 95.) A party appearing generally waives all objections to defects in service, process or jurisdiction. *Charles*, 248 Ill. App. 3d at 445-46, 618 N.E.2d at 557.

In the case at hand, Wood first relies on *Sullivan v. Bach* (1981), 100 Ill. App. 3d 1135, 1142, 427 N.E.2d 645, 650-51, in contending that it has not waived objections to the trial court's assertion of personal jurisdiction. In *Sullivan*, the court held that a party does not waive jurisdictional objections in filing a petition to vacate a default judgment entered before the court obtained jurisdiction. Wood seeks to bring its situation within the rule announced in *Sullivan* by pointing out that it had not entered an appearance or filed pleadings within 30 days as required by Supreme Court Rule 181(a) (134 Ill. 2d R. 181(a)). Wood argues that at the time of filing its initial pleading in early July 1993, it was in "technical default" for failure to comply with Rule 181(a). Wood's pleading requested the trial court to "vacate all defaults, technical or otherwise." Therefore, Wood argues that its July 29, 1993, special and limited appearance for the purpose of contesting jurisdiction was timely and proper. We do not agree with Wood's analysis.

In *Sullivan*, the trial court entered a default judgment before the defendant filed any pleadings. Here, the trial court has not entered any judgments against Wood. Therefore, Wood was not in default as was the defendant in *Sullivan*. Rather, Wood was only *subject* to the trial court's entry of a default judgment. (See 735 ILCS 5/2—1301(d) (West 1992).) Consequently, we conclude that *Sullivan* does not apply in the case at hand.

Second, Wood relies on *Kottmeyer v. Consolidated Rail Corp.* (1991), 219 Ill. App. 3d 968, 970, 579 N.E.2d 1211, 1212, for the proposition that its initial pleading did not constitute a general appear-

ance because the pleading did not address the substantive issues of Weierman's complaint. In *Kottmeyer*, the appellate court held that the defendant had not entered a general appearance because its initial pleading did not address any substantive issues and because the defendant had been before the court for 18 months solely to contest jurisdiction. (*Kottmeyer*, 219 Ill. App. 3d at 970, 579 N.E.2d at 1212.) Here, Wood's initial pleading did not address any substantive issues. Also, the record is devoid of any evidence indicating that Wood intended to contest the trial court's assertion of jurisdiction in its initial pleading. Therefore, we find *Kottmeyer* distinguishable from the facts of the case at hand.

■ After a thorough examination of the record, we conclude that Wood's initial pleading constituted a general appearance. First, Wood's pleading did *not* conform to the mandates of section 2—301(a). Also, we note that Wood's initial pleading does *not* attack the trial court's jurisdiction over Wood or assert that service of process was defective. Additionally, Wood's initial pleading was *not* clearly designated as a special and limited appearance for the purpose of contesting the court's jurisdiction. Wood filed the pleading before the entry of any judgments. Moreover, the pleading requested leave to answer or otherwise plead within 28 days. Based on all these considerations, we conclude that Wood's request for relief implicitly recognized the case as being properly before the trial court.

For the reasons indicated, we conclude that Wood's initial appearance before the trial court in early July 1993 constituted a general appearance. At that time, Wood submitted to the trial court's jurisdiction and waived all objections to defective service. As a consequence, Wood's "special and limited appearance" on July 29, 1993, was untimely filed. Accordingly, the trial court committed error in granting Wood's motion to quash service of process.

The order of the circuit court of Will County quashing service of process is vacated, and the cause is remanded for further proceedings.

Vacated and remanded.

STOUDER and LYTTON, JJ., concur.