*In re* MARRIAGE OF DARLENE ETHEL WADE, n/k/a Darlene Ethel Donnelly, Petitioner-Appellee, and GENERAL LYNN WADE, Respondent-Appellant.

Third District   No. 3—95—0146

Opinion filed September 15, 1995.

Christopher P. Ryan and Philip M. O'Donnell, both of Kingery, Durree, Wakeman & Ryan, of Peoria, for appellant.

Gary L. Morris, of Peoria, for appellee.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

The respondent-appellant, General Lynn Wade (husband), petitioned this court for leave to appeal pursuant to Supreme Court Rule 306(a)(3) (155 Ill. 2d R. 306). We granted husband's petition on April 13, 1995. On appeal, husband argues the trial court incorrectly found it had personal jurisdiction over him. We disagree and affirm.

Husband and petitioner-appellee, Darlene Ethel Wade (wife), were married in McLean County, Illinois, on May 24, 1975. The parties separated shortly thereafter and husband relocated permanently to Minnesota sometime in 1977.

On May 23, 1988, wife filed a petition for dissolution of marriage in the circuit court of Peoria County. Wife effectuated service on husband by publication. On July 27, 1988, the trial court entered judgment for dissolution of marriage but reserved ruling on all substantive issues (i.e., child support, maintenance, property settlement and visitation) until it had personal jurisdiction over the husband.

On June 25, 1993, wife had husband personally served in Minnesota with a supplemental summons containing copies of the petition for dissolution and judgment. On December 28, 1994, husband filed a notice of hearing for a motion to dismiss. On February 6, 1995, husband then filed a special and limited appearance and motion to quash service. The trial court, on February 10, 1995, found it had personal jurisdiction over the husband because he had sufficient contacts with the State of Illinois, namely, that the wife and child resided in Illinois during the dissolution proceedings and that the grounds alleged in the petition for dissolution took place in Illinois.

On appeal, husband contests the trial court's order finding it had personal jurisdiction over him. Husband bases his argument on the fact that he has not had any contacts with Illinois since 1979. Husband does not contest *in rem* jurisdiction over the original dissolution proceeding. He only contests personal jurisdiction over him regarding the property issues in the case. Wife does not respond to this argument but instead contends husband waived his right to contest personal jurisdiction because he made a general appearance when he filed a notice of hearing for a motion to dismiss prior to filing his special and limited appearance and motion to quash. Husband replies no waiver occurred because no substantive pleading or motion was filed, only a notice. We disagree.

■ Section 2—301(a) of the Illinois Code of Civil Procedure states:
"Prior to filing any other pleading or motion, a special appearance may be made either in person or by attorney for the purpose of objecting to the jurisdiction of the court over the person of the defendant. A special appearance may be made as to an entire proceeding or as to any cause of action involved therein. Every appearance, prior to judgment, not in compliance with the foregoing is a general appearance." 735 ILCS 5/2—301 (West 1994).

Undeniably, husband filed a notice of hearing for a motion to dismiss prior to filing a special and limited appearance. The issue is therefore whether filing a notice of hearing for a motion to dismiss prior to filing a special and limited appearance with a motion to quash constitutes a general appearance and thus waives any objection to personal jurisdiction. Neither party cites, nor can we find, a case which answers this narrow question.

■ We are guided, however, by two broad principles of law regarding the distinction between special and general appearances. Any action taken by a litigant which recognizes the case as being before a court will amount to a general appearance unless such action was taken solely for the purpose of objecting to jurisdiction over the person. (*In re Estate of Zoglauer* (1992), 229 Ill. App. 3d 394, 593 N.E.2d 93.) Further, a special and limited appearance must be designated as such to avoid its construction as a general appearance. *Weierman v. Wood Landscaping, Inc.* (1994), 259 Ill. App. 3d 300, 630 N.E.2d 1298.

■ In the instant case, husband's notice of hearing sets a hearing date for a motion to dismiss. This is evidently "any action taken by a litigant which recognizes the case as being before a court." However, husband argues the notice was filed solely for the purpose of objecting to personal jurisdiction. We find if this were the case, it should have been labeled as such to avoid its construction as a general ap-

pearance. (See, *e.g.*, *Diaber v. Con/Chem, Inc.* (1978), 57 Ill. App. 3d 918, 373 N.E.2d 805 (motion for extension of time to take appropriate action not a general appearance where it could only be used for purpose of objecting to personal jurisdiction and initial filing was labeled as a special and limited appearance).) Further, there are many grounds for which a court can grant a motion to dismiss besides for lack of personal jurisdiction. (See 735 ILCS 5/2—615(a), 2—619(a)(1) through (a)(9) (West 1994).) We cannot say with certainty husband's notice of hearing was filed solely for the purpose of objecting to jurisdiction over the person.

Husband next argues he was first required to file the notice of hearing in order to apprise wife of the hearing date of the subsequently filed motion to quash. However, husband's argument is meritless as both could have been, and in this case should have been, filed at the same time.

We find the language of the statute is broad enough to encompass the filing of a notice of hearing for a motion to dismiss with the filing of "any other pleading or motion." Accordingly, we hold husband generally appeared by filing a notice of hearing for a motion to dismiss unlabeled as to its purported special and limited purpose.

For the foregoing reasons, the order of the circuit court of Peoria County is affirmed. Accordingly, we need not address the personal jurisdiction issue.

Affirmed.

LYTTON and BRESLIN, JJ., concur.